Filed 5/24/21   P. v. Durbin CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>JAMES NICKOLAS DURBIN,<br><br>　　Defendant and Appellant. | 2d Crim. No. B305999<br>(Super. Ct. No. KA064692)<br>(Los Angeles County) |

Appellant Jack Nickolas Durbin was convicted of first degree murder in 2005.  (Pen. Code, §§ 187, subd. (a), 189.)[1]  The jury found true a special circumstances allegation that the murder had been committed while appellant was engaged in the commission of robbery.  (§ 190.2, subds. (a)(17)(A), (d).)  In 2019 appellant filed a petition to vacate his murder conviction and obtain resentencing pursuant to section 1170.95, which was added to the Penal Code by Senate Bill No. 1437 (S.B. 1437).  (Stats. 2018, ch. 1015, § 4.)  The trial court summarily denied the

---

[1] All statutory references are to the Penal Code.

petition because he had failed to make a prima facie showing that he could not be convicted of murder under current law.  We conclude that, as a matter of law, the true finding on the special circumstances allegation rendered him ineligible for relief under section 1170.95.  Accordingly, we affirm.

*Procedural Background*

In addition to being convicted of first degree murder, appellant was convicted of conspiracy to commit robbery and two counts of second degree robbery.  (§§ 182, subd. (a)(1), 211, 212.5.) The trial court found true one prior serious felony conviction (§ 667, subd. (a)(1)) and one prior strike within the meaning of the "Three Strikes" law.  (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)  Appellant was sentenced to prison for a determinate term of 15 years plus an indeterminate term of life without the possibility of parole.  In a 2006 opinion, *People v. Berry et al.* (Oct. 19, 2006, B183555) [nonpub. opn.], we struck a parole revocation fine and affirmed the judgment as modified.[2]

In support of his 2019 petition for resentencing, appellant declared under penalty of perjury:  (1) he was convicted of first degree murder under the felony-murder rule or the natural and probable consequences doctrine; (2) he could not currently be convicted of murder because of changes made by S.B. 1437; (3) he was not the actual killer; (4) he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder;" and (5) he "was not a major participant in the felony **or** [he] did not act with reckless indifference to human life."

---

[2] The opinion is included in the record on appeal.

2

The trial court denied appellant's petition because he "is not entitled to relief as a matter of law." The trial court correctly reasoned that, based on the record of conviction, the jury had found true the special circumstances allegation. "This finding required the prosecution to show that the petitioner, as a non-shooter, had the intent to kill or acted with reckless indifference to human life while acting as a major participant in the robbery." The trial court noted that in our unpublished opinion we had "found that the evidence was sufficient to support the special circumstances finding."

*Facts*

The following summary of the facts is taken from our unpublished opinion:

Three persons were involved in the commission of the robbery – appellant, Shawn Berry, and George Berry. While Shawn Berry stood outside as a lookout, appellant and George Berry entered a store.[3] "[T]he victims [inside the store] were

---

[3] If Shawn Berry acted only as a "lookout," he would appear to fall within the letter and spirit of section 1170.95. (See *People v. Ramirez* (2019) 41 Cal.App.5th 923, 927 ["the evidence established that defendant was not the actual killer in this case, that he remained outside [as a lookout during the robbery], that he had no forewarning that one of his accomplices would shoot a victim, he did not instigate the shooting, and he was not in a position to prevent it; thus, under the *Banks* and *Clark* factors, the prior 'finding that [defendant] was a major participant who acted with reckless indifference to human life [was] not supportable' "].) See the discussion of *Banks* and *Clark post*, at pages 8-10.)

thrown to the floor, kicked, handcuffed, threatened with a knife and revolver, and [they] screamed." "Brandishing a large bowie knife, [appellant] kicked and handcuffed the store owner, Shu-Ying Chen. George Berry pointed a revolver at Chen's husband, . . . ordered him to the front of the store and pushed him down. [Husband] tried to remove his fanny pack and pled, 'I'll give you money, I'll give you money.'" "George Berry fired three shots, killing [husband]." The cause of death was a gunshot wound to the chest. "At the preliminary hearing, [appellant] blurted out 'I did this crime' and declared that Shawn Berry and George Berry had nothing to do with the robbery." At trial appellant's statement was admitted in evidence.

### S.B. 1437

"Under the felony-murder rule as it existed prior to Senate Bill 1437, a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state. [Citation.] . . . [¶] Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-248.)

In S.B. 1437 the Legislature declared, "It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

4

participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To achieve this goal, S.B. 1437 amended section 189, insofar as it pertains to the felony-murder rule, to add subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [e.g., robbery] in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

S.B. 1437 also amended section 188 to add subdivision (a)(3), which provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2.) Section 188, subdivision (a)(3) bars conviction for murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 851.)

Section 1170.95, added by S.B. 1437, gives retroactive effect to the changes in sections 188 and 189. It provides, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining

5

counts when" certain conditions apply.  (§ 1170.95, subd. (a).)
One of the conditions is that "[t]he petitioner could not be
convicted of first or second degree murder because of changes to
Section 188 or 189 made [by S.B. 1437] effective January 1,
2019." (*Id.*, subd. (a)(3).)  The petition must include a declaration
by the petitioner showing that he is eligible for the relief afforded
by section 1170.95.  (*Id.*, subd. (b)(1)(A).)

 "The court shall review the petition and determine if the
petitioner has made a *prima facie showing* that the petitioner
falls within the provisions of [section 1170.95]. . . .  If the
petitioner makes a *prima facie showing* that he or she is entitled
to relief, the court shall issue an order to show cause."
(§ 1170.95, subd. (c), italics added.)  "Within 60 days after the
order to show cause has issued, the court shall hold a hearing to
determine whether to vacate the murder conviction and to recall
the sentence and resentence the petitioner . . . ." (*Id.*, subd.
(d)(1).)  "At the hearing . . . , the burden of proof shall be on the
prosecution to prove, beyond a reasonable doubt, that the
petitioner is ineligible for resentencing. . . .  The prosecutor and
the petitioner may rely on the record of conviction or offer new or
additional evidence to meet their respective burdens." (*Id.*, subd.
(d)(3).)

 *In Determining Whether Petitioner Has Made a Prima Facie*
 *Showing, the Court May Consider the Record of Conviction*

 Appellant argues that, in determining whether a petitioner
has made a prima facie showing under section 1170.95, the court
may not consider the record of conviction.  "The Court of Appeal
in *People v. Lewis* (2020) 43 Cal.App.5th 1128, . . . review
granted, March 18, 2020, S260598 [(*Lewis*)] held that in
evaluating whether a petitioner has made the initial prima facie

6

showing required by section 1170.95, the trial court may properly consider the petitioner's record of conviction, which includes the reviewing court's prior opinion in the petitioner's direct appeal. [Citations.] *Lewis* embraced the view that allowing the trial court to consider its file and the record of conviction is 'sound policy' because "'[i]t would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief.'" [Citation.] [¶] We agree with *Lewis* and conclude that the trial court here properly looked to the record of conviction . . . in determining whether [appellant] made the required prima facie showing under section 1170.95. Looking beyond the face of a section 1170.95 petition to the record of conviction is particularly appropriate where, as here, the petition contains only conclusory allegations that the petitioner is entitled to relief." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 15-16, review granted Oct. 14, 2020, S264033 (*Gomez*).)

*The True Finding on the Special Circumstances*
*Allegation Rendered Appellant Ineligible for Relief*

According to the special circumstances allegation, appellant committed the murder while "engaged in the commission of the crime of Robbery, within the meaning of Penal Code section 190.2(a)(17)." The jury was instructed, "[Y]ou cannot find the special circumstance to be true . . . unless you are satisfied beyond a reasonable doubt that [appellant] with the intent to kill aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder

7

in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested or assisted in the commission of the crime of robbery." The language of this instruction is almost identical to the felony-murder language of section 189, subdivision (e), as added by S.B. 1437. Therefore, in view of the jury's true finding on the special circumstances allegation, it follows that appellant cannot make a prima facie showing of the following criterion for relief under section 1170.95: "The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made [by S.B. 1437]." (*Id.*, subd. (a)(3).) Based on the instruction, the jury must have found either that appellant acted with the intent to kill or with reckless indifference to human life and as a major participant. The same finding by a jury today would render him liable for first degree murder under the felony-murder rule as amended by S.B. 1437. (See § 189, subd. (e).)

Appellant argues: "This conclusion is incorrect because the standards defining who is a 'major participant' and what is 'reckless indifference' have been narrowed since 2005 [when appellant was convicted]. In *People v. Banks* (2015) 61 Cal.4th 788 [(*Banks*)], and *People v. Clark* (2016) 63 Cal.4th 522 [(*Clark*)], our Supreme Court clarified what it means to be a major participant and to act with reckless indifference. In so doing, the high court significantly narrowed those terms. [¶] . . . A true finding under the old standards is not a finding under the new standards . . . ."

"*Banks* and *Clark* did not create a new rule of law, but rather 'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for

8

purposes of special circumstance allegations under section 190.2, subdivision (d)." (*People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854 (*Jones*).)  In *Banks* the Supreme Court concluded:  "Reckless indifference to human life 'requires the defendant be "*subjectively* aware that his or her participation in the felony involved a grave risk of death."'" (*Banks*, *supra*, 61 Cal.4th at p. 807.)  In determining whether the defendant was a major participant, "the ultimate question" is "whether the defendant's participation 'in criminal activities known to carry a grave risk of death' [citation] was sufficiently significant to be considered 'major' [citations]." (*Id*. at p. 803.)  In *Clark* the Supreme Court set forth factors to be considered in deciding whether the defendant was a major participant and acted with reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 611, 618-623.)

"Our appellate courts have recently split over whether . . . a pre-*Banks/Clark* special circumstance finding renders a petitioner ineligible for relief under section 1170.95 as a matter of law. (Compare . . . *Gomez*[, *supra*,] 52 Cal.App.5th 1 . . . , *People v. Galvan* (2020) 52 Cal.App.5th 1134 . . . review granted Oct. 14, 2020, S264284 (*Galvan*), and *People v. Allison* (2020) 55 Cal.App.5th 449 . . . [review denied Dec. 23, 2020, S265450] (*Allison*) [concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law], with [cases reaching the opposite conclusion:] *People v. Torres* (2020) 46 Cal.App.5th 1168, . . . review granted June 24, 2020, S262011 . . . , *People v. Smith* (2020) 49 Cal.App.5th 85 . . . review granted July 22, 2020, S262835 . . . , and *People v. York* (2020) 54 Cal.App.5th 250 . . . [review granted Nov. 18, 2020,

S264954] . . . .)  As we will explain, we agree with the *Gomez/Galvan*[/*Allison*] line of decisions and hold that a petitioner with a pre-*Banks/Clark* finding is ineligible for relief under section 1170.95 as a matter of law." (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479,

"We analyze the issue by turning to the language of section 1170.95 itself: In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437.  (§ 1170.95, subd. (a)(3).) [¶]  In this case, that requirement is not met.  Although [appellant] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*.  Nothing about those requirements changed as a result of Senate Bill No. 1437.  Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life.  If [appellant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142; accord, *Gomez*, *supra*, 52 Cal.App.5th at p. 17 ["the proper procedure for [petitioner] to challenge her special circumstance findings based on clarification of the relevant law in *Banks* and *Clark* is to bring a petition for habeas corpus, in which she would bear the burden of showing the findings must be vacated on the ground there is insufficient evidence to support them"]; see also *In re Scoggins* (2020) 9 Cal.5th 667, 676 [petitioner convicted of

special circumstances murder prior to *Banks*/*Clark* is entitled to habeas corpus relief if his conduct did not fall within the scope of the special circumstances statute as clarified by *Banks*/*Clark*].)

*Response to Dissent*

If the dissent is correct, everyone is automatically entitled to a full evidentiary hearing under the following circumstances: (1) the trier of fact found true under pre-*Banks*/*Clark* law a felony-murder special circumstances allegation; and (2) the petitioner recites appellant's conclusionary formula, i.e., petitioner was not the actual killer, did not intend to kill, did not act with reckless indifference to human life, and was not a major participant. At the subsequent evidentiary hearing, the prosecution must prove beyond a reasonable doubt the same special circumstances allegation proved true at the original trial.

The dissent's interpretation does violence to the clear and unambiguous language of section 1170.95, subdivision (a)(3): a petitioner is entitled to relief only if "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019 [by S.B. 1437]." The *Banks/Clark* clarification of "reckless indifference to human life" and "major participant" became effective long before January 1, 2019. *Banks* was decided in 2015; *Clark* was decided in 2016. S.B. 1437's changes to sections 188 and 189 had no impact on the prior *Banks/Clark* clarification. That clarification is completely independent from the subsequent changes made by S.B. 1437.

"In interpreting a statute where the language is clear, courts must follow its plain meaning. [Citation.] However, if the statutory language permits more than one reasonable interpretation, courts may consider various extrinsic aids,

11

including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute." (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003.) The language of section 1170.95, subdivision (a)(3) is clear on its face – the petitioner is eligible for relief only if he could not be convicted of murder because of statutory changes "made effective January 1, 2019," not because of the Supreme Court's clarification of the law prior to January 1, 2019. We will not engage in tortured reasoning in an attempt to find an ambiguity that does not exit.

Appellant has a remedy for a special circumstances finding that is not supported by substantial evidence under the *Banks*/*Clark* clarification. As explained *ante*, at page 10, his remedy is to file a petition for a writ of habeas corpus. We need not stretch the language of section 1170.95 beyond its plain and ordinary meaning to provide an additional remedy.

*Conclusion*

"We . . . conclude [appellant's] special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law and the trial court properly denied his petition without an evidentiary hearing." (*Jones*, *supra*, 56 Cal.App.5th at p. 485.) "The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison*, *supra*, 55 Cal.App.5th at p. 461.) Where, as here, the jury necessarily found that the petitioner intended to kill or acted with reckless indifference to human life and as a major participant, the petitioner is not entitled to an evidentiary hearing by reciting appellant's contradictory, conclusionary formula that he did not

12

intend to kill, did not act with reckless indifference to human life, and was not a major participant.

*Disposition*

The order denying appellant's petition for relief under section 1170.95 is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


I concur:


GILBERT, P. J.

13

TANGEMAN, J., dissenting:

I dissent.  The issue presented here is "whether a felony-murder special-circumstance finding by the jury that convicted [appellant] in [2005] bars him from pleading a prima facie case for section 1170.95 resentencing relief as a matter of law."[1] (*People v. Seacrease* (2021) 63 Cal.App.5th 231, 236 (*Secrease*).) It does not.  (*Ibid.*)

Here, appellant aided and abetted an armed robbery in which his accomplice committed a brutal murder.  The jury was instructed that appellant was guilty of first degree murder with special circumstances as the non-shooter if he aided and abetted the robbery with an intent to kill *or* if he aided and abetted the robbery as a major participant "with reckless indifference to human life."  "Because the jury returned a general verdict, we cannot exclude the possibility that [appellant's] jury found the special circumstance allegation to be true based solely on a theory that he aided and abetted [robbery] and that [the victim's] death occurred during the commission of that offense."  (*Secrease, supra,* 63 Cal.App.5th at p. 246.)

"We also know that the jury necessarily found at least that [appellant] was a major participant in the [robbery] and acted with reckless indifference to human life" (*Secrease, supra,* 63 Cal.App.5th at p. 247) *as those terms were defined at the time of his 2005 conviction.*  "But the legal landscape changed in 2015 with the decision[s] in *Banks*" and *Clark*.[2]  (*Secrease,* at p. 248.)

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

1

Those cases "construed section 190.2, subdivision (d) [defining major participant and reckless indifference to human life] in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted Jun. 24, 2020, S262011.) "Because we must presume the Legislature knows and acts against the backdrop of existing case law [citations], the language of section 189, subdivision (e)(3) as enacted by the Legislature in 2018 necessarily carries the meaning announced in *Banks* and *Clark*, since both cases were on the books when Senate Bill 1437 was passed and signed by the Governor." (*Secrease*, at p. 254.) As a result, "[i]t would be inappropriate to to 'treat[] [reckless indifference to human life] findings [made in 2005] as if they resolved key disputed facts' when the jury did not have the same questions before them." (*People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835.)

Thus, "[b]ecause no court has ever determined whether the felony-murder special-circumstance finding rendered against [appellant] meets the minimum standards of personal culpability enunciated in" *Banks* and *Clark*, "he is entitled to such a determination before his section 1170.95 petition may be denied summarily." (*Secrease, supra*, 63 Cal.App.5th at p. 236.) "If the factual findings underlying a jury's felony-murder special-circumstance determination are legally insufficient under *Banks* and *Clark*, [I] do not see how those findings can conclusively refute a prima facie showing of entitlement to resentencing relief." (*Id.* at p. 256.)

Notwithstanding this seemingly clear mandate imposed by section 1170.95, the majority affirms the denial of relief to

2

appellant because he has not yet exhausted his available remedy of habeas corpus, following those courts that have imposed such a requirement. In my opinion, the courts reaching the opposite conclusion more closely adhere to both the letter and the spirit of section 1170.95.

"By express legislative authorization, section 1170.95 creates a one-time remedy for applying specific substantive changes in the law of murder retroactively to final judgments, and for resentencing those who stand to benefit from these changes. . . . [¶] The remedy of habeas corpus, by contrast, is subject to an array of judge-made rules designed to protect presumptively valid final judgments from endlessly repetitive collateral attacks as the law evolves over time. [Citations.]" (*Secrease, supra*, 63 Cal.App.5th at pp. 257-258.)

Accordingly, "requiring pre-*Banks* and *Clark* defendants to resort first to habeas corpus proceedings disadvantages them vis-à-vis other section 1170.95 petitioners by singling them out as the sole subgroup of all section 1170.95 petitioners who must clear the hurdles of habeas corpus, including its untimeliness bar, as a condition of access to resentencing relief." (*Secrease, supra*, 63 Cal.App.5th at p. 258.) Section 1170.95, however, places no time limit on the filing of a resentencing petition. And "no habeas corpus court must entertain [a habeas petition] on the merits or give reasons for a denial of relief" (*Secrease*, at p. 258), giving rise to the obvious question: What happens when a habeas petition seeking post-*Banks* and *Clark* relief is denied as untimely? Or when it is summarily denied like most such petitions? Are these petitioners forever barred from section 1170.95 relief? Under the majority's view here, it would appear so, even without any indication that their eligibility for section

3

1170.95 relief has ever been tested.  Such a result is directly contrary to the express mandates of section 1170.95.

Section 1170.95 incorporates the *Banks*/*Clark* standards of personal culpability (*Secrease, supra*, 63 Cal.App.5th at p. 261), and yet no trier-of-fact has ever determined whether appellant's conduct meets those standards.  Accordingly, for those reasons stated in *People v. Secrease*, and based on this record of conviction, I would remand "so that a sufficiency-of-the-evidence review under *Banks* and *Clark* may be undertaken in light of the full record of conviction."  (*Ibid*.)

NOT TO BE PUBLISHED.

TANGEMAN, J.

4

Rogelio Delgado, Judge

Superior Court County of Los Angeles

_____

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.